**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 6:18-03177-CV-RK |
| v. | ) ) | |
| NEW PRIME INC, D/B/A PRIME, INC.; | ) ) | |
| Defendant. | ) | |

## ORDER COMPELLING DISCOVERY

Before the Court are Intervenor-Plaintiff Melinda Huerta's objections to Defendant's requests for production of her text messages and call logs. In this case, Huerta alleges that she was sexually harassed by her co-truck-driver, Eric Weekley, and that Defendant retaliated against her for reporting the harassment. During discovery, Defendant sought production of Plaintiff's text messages and call logs from the cell phone Weekley provided to her from September 30 to December 31, 2016, and Huerta objected on relevance and privacy grounds. On August 21, 2019, the Court held a discovery dispute conference and ordered Huerta to produce a one-week sample of all of her text messages and call logs during the last week she was on the truck with Weekley (November 9 through November 18, 2016).

Defendant now argues, in its follow-up status report submitted to chambers, that the rest of the text messages and call logs should be produced because the one-week sample shows that (1) Huerta shared a sexually explicit story with Weekley and thus invited his conduct; (2) Huerta is not credible in claiming Weekley monitored her messages, or that it substantially affected her, because she still sent sexually explicit messages to another man and told a story in those messages about previously publicizing parts of her sex life; and (3) Weekley's conduct did not substantially affect her because she continued to send sexually explicit and mundane but private text messages. The response Huerta submitted to chambers again objects on relevance and privacy grounds.

The Court agrees with Defendant that the remaining text messages and call logs sent while Huerta was on the truck are relevant and proportional to the needs of the case for purposes of

discovery.[1]  Excerpts from the sample production in this case suggest that Huerta's call logs and text messages may contain evidence that is relevant to the extent of her injury or whether Weekley's conduct was unwelcome.  *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993) ("The effect on the employee's psychological well-being is, of course, relevant to determining whether the plaintiff actually found the environment abusive."); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 68 (1986) (whether advances are "unwelcome" is fact-intensive).  Although the Court acknowledges that Huerta's privacy concerns are pertinent, and that a full forensic examination of a plaintiff's personal phone or computer would not be appropriate in every discrimination case as a matter of routine, in this case, the Joint Protective Order should provide adequate confidentiality protection.  (Doc. 27.)

Accordingly, the Court **ORDERS** Huerta to produce by October 15, 2019, the text messages and call logs for the remainder of the period she was on the truck with Weekley (October 4 through November 8, 2016).

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  October 8, 2019

---

[1] This discovery Order should not be construed as a prior directive or suggestion that any of these documents would be admissible, given that Federal Rule of Evidence 412 generally excludes evidence offered to show a victim's prior sexual acts or predisposition.